

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | |
|---|---|
| PRIMERICA LIFE INSURANCE COMPANY, §<br>　　　　　Plaintiff,　　　　　　　　　§<br>　　　　　　　　　　　　　　　　　§<br>vs.　　　　　　　　　　　　　　　§　　Civil Action No.: 0:21-01991-MGL<br>　　　　　　　　　　　　　　　　　§<br>STACY JOHNSON, STEVEN JOHNSON,　§<br>and ANGELIA JOHNSON-TALFORD,　　§<br>　　　　　Defendants.　　　　　　§ | |

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S REQUEST FOR DEFAULT JUDGMENT
AGAINST DEFENDANT STACY JOHNSON AND DEFENDANT STEVEN JOHNSON**

## I.   INTRODUCTION

Pending before the Court is Plaintiff Primerica Life Insurance Company's (Primerica) request for default judgment against Defendants Stacy Johnson (Stacy) and Steven Johnson (Steven). Having carefully considered the request, the record, and the applicable law, it is the judgment of the Court the request will be granted.

## II.   FACTUAL AND PROCEDURAL HISTORY

According to the Complaint, in October 2004, Primerica issued Mary L. Johnson (Mary) a life insurance policy that provided $200,000 in coverage on her life. In the Application for Life Insurance, Mary designated Lucius Johnson (Lucius), her husband, and Steven, her son, as her primary beneficiaries under the Policy. No contingent beneficiaries were named. Lucius died in 2009.

In June 2018, Mary contacted Primerica about submitting a claim for Waiver of Premium benefits under the Policy, which would relieve her from having to pay the premiums for the Policy. Medical records submitted in connection with the claim reflected that she had been diagnosed with a brain tumor and suffered from confusion and memory loss.

In January 2020, Mary executed a South Carolina General Durable Power of Attorney (Power of Attorney) in which she named her daughter, Angelia Johnson-Talford (Angelia), as her attorney-in-fact.  In February 2020, Primerica received a Multipurpose Change Form (MCF) in which Angelia was designated as the sole beneficiary of the Policy.

In June 2020, Angelia notified Primerica that Mary wanted to apply for the Terminal Illness Accelerated Benefit (TIAB) under the Policy.  In the claim form for the TIAB, Mary's illness was described as a Glioblastoma, which is an aggressive form of brain cancer.  The claim form also indicated Angelia was authorized to answer questions about the TIAB claim if Mary became unavailable or unable to do so.

The claim under the TIAB was approved in July 2020, and $80,000 of the benefit under the Policy was advanced by Primerica.  As a result of the TIAB advance, the benefit on Mary's life insurance policy was reduced to $120,000.

In August 2020, Primerica received another MCF, which designated Stacy, Mary's daughter, and Steven as the primary beneficiaries of the Policy in equal shares.  In September 2020, Angelia submitted a handwritten letter to Primerica alleging the August 2020 beneficiary change was fraudulent and made without her or Mary's authorization.  Primerica received a MCF in September 2020, in which "ownership" of the Policy purportedly was transferred to Angelia. Complaint ¶ 17.  The MCF also designated Angelia as the sole, primary beneficiary.

Later that month, in response to a request by Primerica, Huyen Jen Bui, FNP-C, submitted a statement of competence opining that Mary had been competent and of sound mind on the date she signed the Power of Attorney. She also opined that Mary became unable to make decisions on her own as of September 21, 2020. Erwin Mangubat, MD, also submitted a letter to Primerica in September 2020 in which he stated Mary was under his care and appeared competent when he saw her last in January 2020.

In October 2020, Primerica sent a letter to Angelia confirming its records had been updated to reflect that she was the attorney-in-fact for Mary under her Power of Attorney. On or about November 13, 2020, an MCF was submitted to Primerica, with the purported signature of Mary and Angelia's signature, by which ownership of the Policy was transferred to Angelia. Angelia was also designated as sole, primary beneficiary.

On November 23, 2020, another MCF was submitted to Primerica, with the notarized purported signature of Johnson and Angelia's signature, by which ownership of the Policy purportedly was transferred to Angelia and Angelia was designated as the sole, primary beneficiary. Pamela Sinclair, MD, submitted a letter to Primerica on November 23, 2020, in which she stated that on November 23, 2020, Mary was alert, oriented, and able to make her choices, needs, and wants known.

In January 2021, Mary died as a result of her brain cancer. As of the date of her death, the remaining benefit under the Policy was $120,000 (the Remaining Benefit). In February 2021, Stacy and Steven each submitted a Claimant's Statement to Primerica, seeking to be paid the Remaining Benefit.

Primerica filed this interpleader action, seeking to plead the funds at issue into the Court's Registry and requesting the Court order Steven, Stacy, and Angelia to interplead and settle among themselves their rights and claims as to the $120,000 remaining benefit under the Policy.

Stacy was served on July 23, 2021, and the Proof of Service was filed with the Court on September 3, 2021. Defendant Steven Johnson was served via publication on October 7, 14, and 21, 2021, and the Notice of Affidavit of Publication was filed with the Court on October 25, 2021.

Primerica filed a request for default as to Stacy on September 14, 2021, and the Clerk filed the entry of default the same day. Primerica filed a request for default as to Steven on December 14, 2021, and the Clerk filed the entry of default the same day. Primerica then filed the instant request for default judgment against both Stacy and Steven on February 16, 2022.

To date, neither Stacy or Steven have filed an answer to Primerica's interpleader complaint or made any appearance. The Court, having been fully briefed on the relevant issues, will now adjudicate the request.

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs the process for obtaining a default judgement, creating a two-step process. "The first step is the entry of default, which must be made by the clerk '[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise.'" *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 130 (4th Cir. 2020) (quoting Fed. R. Civ. P. 55(a)). Upon entry of default, a defendant "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citation omitted). But, "a default

is not treated as an absolute confession by defendant of his liability and of the plaintiff's right to recover." *Id*.

"The second step is the subsequent entry of default *judgment*," which may be done in one of two ways. *Fidrych*, 952 F.3d at 130. "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," then the clerk may enter judgment on the defendant's default. Fed. R. Civ. P. 55(b)(1). If the plaintiff's claim is not for a sum certain, however, then it must be done by the Court. *See* Fed. R. Civ. P. 55(b)(2) ("In all other cases, the party must apply to the court for a default judgment.").

Because "a default is not treated as an absolute confession by defendant of his liability and of the plaintiff's right to recover," the Court must, upon request for judgement on the entry of default, "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in this action." *Ryan*, 253 F.3d at 780 (citations omitted). A judgment of default is not final without a determination of relief. *See Fidrych*, 952 F.3d at 130 (holding a default judgment for the plaintiff that determines liability but does not fix the amount of damages is not a final judgment because there can be no final judgment without a determination of relief).

IV.     **DISCUSSION AND ANALYSIS**

Stacy's Answer was due on August 13, 2021 and Steven's answer was due on November 15, 2021. *See* Fed. R. Civ. P. 12(a)(1)(A) (answer is due twenty-one days after service of the summons and complaint). As noted above, both Defendant Stacy Johnson and Defendant Steven Johnson have failed to file an Answer to Primerica's Complaint or make any appearance, and the Clerk of Court has filed an entry of default against both. Thus, by virtue of the entry of default, Defendant Stacy Johnson and Defendant Steven Johnson have admitted the well-pleaded

allegations set forth in Primerica's Complaint as true, and they are prohibited from contesting those facts on appeal.

Primerica properly deposited interpleader funds with the Court under the Court's Order. By failing to respond in this action, Stacy and Steven have waived their rights to any of the funds. Angelia, the remaining Defendant, may still seek and petition the Court for her claim to the interpleader funds.

### V.     CONCLUSION

For the reasons stated above, it is the judgment of the Court Primerica's request for entry of default judgment is **GRANTED** as to Stacy and Steven.

**IT IS SO ORDERED.**

Signed this 23rd day of May, 2022, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE